# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **HENRY CLAY SNEED,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21–cv–00831** |
| | ) | **Judge Trauger/Frensley** |
| | ) | |
| **ROBERTSON COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Henry Clay Sneed ("Plaintiff") brought a claim under 42 U.S.C. § 1983, asserting that Defendant, Robertson County, Tennessee ("Defendant"), violated his constitutional rights by rejecting his bid for a surplus property located in Robertson County. Docket No. 9, p. 2-3. Plaintiff seeks damages for: (1) loss of the use of the property, (2) "loss of ability to be involved in the direction or re-direction of utilities lines that cut right through the middle of the lot[,]" (3) compensatory damages for emotional distress, mental anguish, and "loss of time dealing with non-partisan public officials acting partisan and against reasonable judgment," (4) prejudgment interest, (5) cost and expense of action, and (6) punitive damages. *Id*. at 4.

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 30. In support of this Motion, Defendants contemporaneously filed a Memorandum of Law in Support of Defendant Robertson County, Tennessee's Motion for Summary Judgment (Docket No. 31) and a Statement of Undisputed Material Facts (Docket No. 32). In their memorandum,

Defendant argued that Plaintiff failed to identify any basis for municipal liability under 42 USC § 1983 and has failed to establish damages. Docket No. 31, p. 4, 7.

Plaintiff filed a Response titled "Objection to Defenant's [*sic*] Motion for Summary Judgment to Dismiss with Prejudice" (Docket No. 36), two other documents; one of these documents was titled "Plaintiff's Attempt to Refute Defense's Memorandum of Law in Support of Judgment for the Defense" (Docket No. 37) and the other document was titled "Plaintiff's Response to Defenant's [*sic*] Statement of Undisputed Facts Notice of Filing" (Docket No. 39). In these documents, Plaintiff asserts that there is a genuine dispute of material facts and submitted exhibits to indicate that he has provided evidence thereof. Docket Nos. 37, 39. Defendant then filed a Reply in Opposition of Plaintiff's Response (Docket No. 40), and Plaintiff again responded with a document titled "Plaintiff Henry Clay Sneed's Reply to Defendant's Claims of No Policy or Custom (Outside T.C.A. Code) Established and Not Followed, Assertion [*sic*] Plaintiff's can not [*sic*] Demonstrate any Material Facts, Has No Evidence for a Jury to Hear, Lack of Sworn Testimony, and Referenced the Court Would Be Less Stringent to Interpret A Pro Se Complaints [*sic*] Favorably" (Docket No. 41).

Defendant seeks summary judgment on Plaintiff's 42 U.S.C. § 1983 claim under Rule 56 of Federal Rules of Civil Procedure and Local Rule 56.01. Docket Nos. 30, 31. For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact and that Defendant is entitled to summary judgment as a matter of law. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Docket No. 37) be **GRANTED**.

## II. BACKGROUND

The City of Springfield ("Springfield") and Defendant have an agreement regarding jointly owned property on which both Defendant and Springfield owe taxes. Docket No. 31, p. 1.

In this agreement, Springfield solicits bids for properties and submits them to Springfield's Board of Aldermen. *Id*. If the bid is accepted, it is then sent to Defendant's Delinquent Tax Board. The bid is then considered by Defendant's Delinquent Tax Board in accordance with Tennessee Code Annotated § 67-5-2507, which requires that properties not be sold for less than taxes owed on said property. *Id* at 1-2.

On December 23, 2019, Plaintiff submitted a bid on a property for $100. Docket No. 31, p. 2. This bid was approved by Springfield, but rejected by Defendant's Delinquent Tax Board. *Id*. Plaintiff then raised his bid to $500 and again submitted it for consideration, but was again rejected by Defendant's Delinquent Tax Board. *Id*. Defendant claims that the bid was rejected both times because the joint taxes owed on the property were $2,725.90; thus, accepting the bid would not be in accordance with Tenn. Code. Ann. § 67-5-2507. *Id*.

Plaintiff filed this 42 U.S.C. § 1983 claim to argue that Defendant violated his rights by wrongfully rejecting his bid on the property. Docket No. 9, p. 3-4. Defendant asserts that Plaintiff "cannot identify a policy or custom which was the moving force behind this alleged constitutional deprivation" and "has not sustained any damages" as a result of the rejected bids. Docket No. 31, p. 3. Therefore, Defendant contends that the Court should grant summary judgment.

## III. LAW AND ANALYSIS

### A. 42 U.S.C. § 1983

Plaintiff's Complaint states a claim under 42 U.S.C. §Section 1983. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983. Thus, in order to state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

### B. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 573, 587 (1986).

Fed R. Civ. P. 56 provides that the nonmoving party may not rest upon mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. But if a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-538 (6th Cir. 1999).

### C. Local Rule 56.01(c)

Local Rule 56.01(c) states:

> (c) Response to Statement of Facts. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:

> (1) Agreeing that the fact is undisputed;

> (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

> (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.

> The response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. Such response must be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to

which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

A copy of the statement of additional disputed facts must also be provided to opposing counsel in an editable electronic format. Pro se parties are excused only from providing a copy of the statement of additional disputed material facts to opposing counsel in an editable electronic format, and such pro se parties must otherwise comply with the requirements of this section.

Local Rule 56.01(c).

### D. Case at Bar

As an initial matter, Defendant contends that Plaintiff "cannot identify a policy or custom which was the moving force behind this alleged constitutional deprivation." Docket No. 31, p. 3. The Supreme Court determined in *Monell v. Department of Social Services* that a local government can be held liable under Section 1983 claims "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" 436 U.S. 658, 694 (1978). To prevail on a Section 1983 claim, the Sixth Circuit requires that a litigant show "(1) that they suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690-92). A plaintiff can show such constitutional deprivation "through reference to: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

In this case, Plaintiff asserts that Defendant violated his rights by continually rejecting his bid because "the property was worth more than the bid" without telling him "just how much it was worth." Docket No. 9, p. 2. However, the Defendant noted in its Statement of Undisputed Material Facts that the joint taxes owed for the property were $2,725.90. Docket No. 32, p. 3. According to the Sixth Circuit, there is no constitutionally protected interest for bidders unless "[a] bidder can either show that it actually was awarded the contract and then deprived of it, or that, under state law, the County had limited discretion, which it abused, in awarding the contract." *Enertech Elec. v. Mahoning County Comm'rs*, 85 F.3d 257, 260 (6th Cir. 1996) (citations omitted). Again, Tenn. Code Ann. § 67-5-2507 requires that properties not be sold for less than taxes owed on said property unless it is impossible to sell the land for that amount. Defendant adhered to the statute by rejecting Plaintiff's $100 and $500 bid on the property that owed $2,725.90 in joint taxes. Because Defendant properly followed the bidding process, Plaintiff cannot establish that Defendant has abused any constitutionally protected interest. Therefore, Plaintiff has failed to show that he has a legitimate Section 1983 claim against Defendant.

## IV. CONCLUSION

For the foregoing reasons, the undersigned finds that Plaintiff has failed to establish a genuine issue of material fact. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for Summary Judgment (Docket No. 30) be **GRANTED**, and this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service

of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986);

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**Jeffery S. Frensley**
**United States Magistrate Judge**